FILED

07 NOV -7 AM 9: 36

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> Aden RODRIGUEZ <br><br> Defendant. | Magistrate Case No. **07 MJ 2605** <br><br> <u>COMPLAINT FOR VIOLATION OF</u> <br><br> Title 8, U.S.C., Section 1324(a)(2)(B)(iii)- <br> Bringing in Illegal Aliens Without Presentation |

The undersigned complainant being duly sworn states:

On or about **November 6, 2007**, at the San Ysidro Port of Entry, within the Southern District of California, defendant **Aden RODRIGUEZ**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, **Juan De Dios TORRES-Maldonado**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien, and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 7TH DAY OF NOVEMBER, 2007.

UNITED STATES MAGISTRATE JUDGE
**CATHY ANN BENCIVENGO**
**U.S. MAGISTRATE JUDGE**



## **PROBABLE CAUSE STATEMENT**

The complainant states that **Juan De Dios TORRES-Maldonado** is a citizen of a country other than the United States; that said alien has admitted he is deportable; that his testimony is material; that it is impracticable to secure his attendance at trial by subpoena; and that he is a material witness in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On November 6, 2007, at approximately 0404 hours, **Aden RODRIGUEZ (Defendant)** made application for admission into the United States from Mexico at the San Ysidro Port of Entry vehicle entrance lane #14. Defendant was the driver and sole visible occupant of a black Nissan Sentra. Upon inspection before a U.S. Customs and Border Protection (CBP) Officer, Defendant stated the vehicle belonged to a friend named "Lute" and presented a vehicle registration bearing the name Leonel Genchis. Defendant also stated he was not bringing anything from Mexico and going to work in San Juan Capistrano, California. During an inspection of the vehicle, the CBP officer noticed the trunk area near the rear seat had been tampered with and had a gasoline odor. The CBP officer referred the Defendant and vehicle to secondary for further inspection.

In secondary, a CBP officer discovered a person concealed in a non-factory compartment located under the rear seat. CBP officers removed the rear seat by pulling the latches that were keeping the seat locked in place and removed the concealed person from within an altered gas tank which had been hollowed out. The concealed person was determined to be a citizen of Mexico without entitlements to enter the United States and is now identified as **Juan De Dios TORRES-Maldonado (Material Witness).**

During a videotaped proceeding Defendant was advised of his Miranda rights. Defendant acknowledged his rights and elected to answer questions without an attorney present. During a subsequent interview, Defendant admitted knowledge that a person was concealed in the vehicle. Defendant admitted he made smuggling arrangements in Tijuana with a smuggler named "Lute". Defendant stated "Lute" was to pay him $500.00 U.S. dollars if he was successful in smuggling the Material Witness. Defendant stated he was to take the Material Witness to a public parking lot adjacent to a Jack In The Box Restaurant across the street from the San Ysidro Port of Entry.

A videotaped interview was conducted with Material Witness. Material Witness stated he is a citizen of Mexico and without documents to lawfully enter the United States. Material Witness stated he made arrangements with a male smuggler in Tijuana and was to pay $2,500.00 U.S. dollars to be smuggled into the United States. Material Witness stated he intended to travel to Los Angeles, California to seek employment.